lowed in approving his waiver of a jury trial cannot be determined on this record and must be established, "if at all, by facts outside the trial record in a proceeding maintainable under CPL 440.10" *(People v Johnson,* 51 NY2d 986, 988; *see also, People v McDaniel,* 161 AD2d 1125, *lv denied* 76 NY2d 861; *People v Davidson,* 123 AD2d 782, 783, *lv denied* 69 NY2d 826). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Rape, 1st Degree.) Present—Callahan, A. P. J., Denman, Pine, Lawton and Davis, JJ.

■ In the Matter of DARIN FEDICK, Petitioner, v PETER A. SPRAGUE, as Acting Cattaraugus County Court Judge, Respondent.—Petition unanimously dismissed without costs as moot. Memorandum: The record demonstrates that the relief that petitioner seeks in an original CPLR article 78 proceeding commenced in this Court pursuant to CPLR 506 (b) (1) and 7804 (b) was previously granted to him by a "Memorandum Decision and Order" of the Cattaraugus County Court dated August 25, 1989.

Petitioner's motion seeking reargument was denied by order dated October 12, 1989. The petition, therefore, is moot. Moreover, the record does not establish the existence of a CPL 440.10 motion pending before the Cattaraugus County Court Judge named as respondent herein. (Original Article 78 Proceeding.) Present—Denman, J. P., Boomer, Lawton and Davis, JJ.

■ DAVID A. FRANCZYK, Respondent-Appellant, v CHARLES L. MICHAUX, III, Individually and as Clerk of the City of Buffalo, et al., Respondents, and JAMES W. PITTS, Appellant-Respondent. (Appeal No. 1.)—Appeal unanimously dismissed without costs as moot. (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Election Law.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ. (Order entered Aug. 22, 1991.)

■ DAVID A. FRANCZYK, Respondent-Appellant, v CHARLES L. MICHAUX, III, Individually and as Clerk of the City of Buffalo, et al., Respondents, and JAMES W. PITTS, Appellant-Respondent. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: Supreme Court properly invalidated the referendum petition concerning Local Law, 1991, Introductory No. 12 of the City of Buffalo establishing new councilmanic districts in Buffalo because the referendum petition fails to protest against that law *(see, Matter of Town of Mount Pleasant,* 82 Misc 2d 869). (Appeals from Order of Supreme Court,